### 16856.  BURTON *v.* HARDEMAN & SONS.

JENKINS, P. J.  Hardeman & Sons sued King on an open account and garnished Burton, who was the landlord of King, his cropper.  To Burton's answer to the summons of garnishment, denying that any indebtedness which might be shown on a settlement was subject to garnishment, Hardeman & Sons filed a traverse.  They afterwards recovered a judgment in their suit against King.  Subsequently King sued his landlord, Burton, and obtained a judgment for $246.81, which was transferred to Hardeman & Sons, and by them levied on property of Burton.  Burton filed an affidavit of illegality, on the ground that the same had been settled, by reason of the fact that prior to the transfer of the judgment and fi. fa. he paid King $50 and agreed to pay to Hardeman & Sons $100, which $100 was tendered to them and refused.  The issues made by the affidavit of illegality and the traverse to the garnishee's answer were, by consent of parties, tried together, and the court directed a verdict finding in favor of the traverse, and final judgment was rendered against the garnishee.  The judge announced that he would let the illegality case stand for the present.  *Held:* If the plaintiff in fi. fa. in the garnishment proceeding, after the levy of the garnishment, had proceeded to obtain a valid title to the garnished debt, his lien under the garnishment levy would have become merged with his title; but if at the time he undertook to obtain title to the garnished fund the garnishee and the defendant had already fully liquidated the garnished debt by private settlement, he would obtain nothing but a fi. fa. which had become functus officio, the receiving of which could not affect his garnishment lien.  Accordingly, since the private settlement between the defendant and the garnishee pending the levy of garnishment did not affect the rights of the garnishing plaintiff; and since the subsequent acquisition by such plaintiff of the satisfied fi. fa. in favor of the defendant and against the garnishee did not affect the plaintiff's lien under the levy of the garnishment, and since the defendant waived any claim he might have to exemption, the court did not err in directing a verdict in favor of the plaintiff, sustaining the traverse.  It will follow that the plaintiff's levy upon the property of the garnishee under the fi. fa. transferred to plaintiff should be dismissed and the fi. fa. quashed.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED MAY 15, 1926.  REHEARING DENIED JUNE 15, 1926.

Garnishment; from Cobb superior court—Judge Blair.  July 20, 1925.

*H. B. Moss,* for plaintiff in error.  *J. Glenn Giles,* contra.

---

Garnishment, 29 C. J. p. 316, n. 28.